IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-CV-135 MOC WCM

| | | |
|---|---|---|
| KRISTIE L. SLUDER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| R. PATRICK BENTANCOURT, | ) | |
| STACEY JENKINS, LISA CAULEY, and | ) | |
| MACON COUNTY DEPARTMENT | ) | |
| OF SOCIAL SERVICES, BOARD OF | ) | |
| DIRECTORS | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on a Motion to Seal (the "Motion," Doc. 16) filed by Defendant Lisa Cauley ("Cauley").

On June 3, 2020, Plaintiff filed a Complaint for Violation of Civil Rights (the "Complaint," Doc. 1), which asserts claims arising out of a foster placement of a minor child in Plaintiff's home and the child's subsequent removal.

In the Motion, Cauley states that the information and documentation used by the parties in this case "may include information and records that are derived from a child protective services case record, confidential medical record, and confidential education records" and that such records are confidential pursuant to state and federal law. Doc. 16, ¶ 3. Consequently, Cauley seeks an order sealing the record in this matter. Id. at p. 2. Specifically,

1

she asks for a protective order that "seals the record" and "only allows it to be disclosed as allowed by state and federal laws and rules." Id.

As the Local Rules of this district indicate, "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a).

Cauley's interest in keeping information about the involved minor confidential is important, but the public interest in this litigation is also significant given that Plaintiff's claims concern the alleged acts or omissions of public officials or employees associated with the Macon County Department of Social Services and the NCDHHS.

Further, Cauley's request for sealing is not narrowly tailored but is broad and somewhat ambiguous. Cauley does not seek the sealing of any particular document but asks generally that the entire case be sealed, except "as allowed by state and federal laws and rules."

Other cases involving claims against social services departments have been litigated without a blanket seal, see e.g., Smith v. Cleveland County, Division of Social Services et al., 1:10-CV-00112-DLH, 2011 WL 3861396 (W.D.N.C. Aug. 31, 2011), and the undersigned is not persuaded that a general seal should be applied here. Rather, to the extent it becomes necessary for protected information concerning the involved minor or other individuals to be included in court filings, motions seeking the sealing of those documents can

2

be made and considered on an individual basis, as contemplated by the Local Rules. The parties may also move for a Joint Protective Order regarding the production of confidential information.[1]

Accordingly, the Motion to Seal (Doc. 16) is **DENIED**.

Signed: August 20, 2020

W. Carleton Metcalf
United States Magistrate Judge

---

[1] A proposed Protective Order should require that any party seeking leave to file information with the Court under seal must make that request in conformity with the Local Rules of this district, including Local Civil Rule 6.1.